UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LILIANA SMOTHERS,

    Plaintiff,

v.                                  Case No: 2:24-cv-1067-JES-KCD

WAL-MART STORES EAST, LP and
JOSHUA ELDRIDGE,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Remand to State Court (Doc. #11) filed on December 20, 2024. Defendant Wal-Mart Stores East, LP and Joshua Eldridge filed a Response to Plaintiff's Motion to Remand to State Court (Doc. #14) on January 3, 2025.

**I.**

The Complaint (Doc. #4) alleges that on or about August 7, 2023, plaintiff Liliana Smothers (plaintiff or Smothers) was a patron and invitee of Wal-Mart in Lehigh Acres, Florida. While in the store she stepped on a liquid substance that appeared to be water left on the floor and fell. This resulted in permanent bodily injuries. In Count I, plaintiff alleges negligence by Wal-Mart for failure to provide a reasonably safe business premise and

failure to warn of dangerous conditions. In Count II, plaintiff alleges that Joshua Eldridge (Eldridge), an employee in charge of daily operations at the Wal-Mart store, was directly responsible for maintaining the store free of dangerous conditions. Plaintiff alleges that Eldridge was directly responsible for executing policies and was personally involved in the negligence causing the injury because he breached his duties to plaintiff.

On November 21, 2024, defendants removed the case from state court asserting an amount in controversy exceeding $75,000, diversity of citizenship between plaintiff and Wal-Mart Stores East, LP (Wal-Mart), and subject matter jurisdiction under 28 U.S.C. § 1332. The Notice of Removal asserted that co-defendant Eldridge was fraudulently joined as a party and may be disregarded for diversity of citizenship purposes. (Doc. #1.)

Plaintiff seeks remand the case to state court because Eldridge is a proper defendant, both Eldridge and plaintiff are Florida citizens, and a federal court therefore has no subject matter jurisdiction. Defendants assert that Eldridge has no personal liability since he is an employee of Wal-Mart, and therefore was fraudulently joined as a defendant. The parties agree that Eldridge's presence as a defendant destroys diversity of citizenship jurisdiction.

2

**II.**

**A. Fraudulent Joinder Standard**

"Federal courts are courts of limited jurisdiction. A defendant's right to remove an action against it from state to federal court is created and defined by statute, and removal statutes are strictly construed." King v. Gov't Emps. Ins. Co., 579 F. App'x 796, 800 (11th Cir. 2014) (citing Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d at 411 ("all doubts about jurisdiction should be resolved in favor of remand to state court"). "'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

"A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278,

1281 (11th Cir. 2006) (quoting Crowe at 1538). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. [] In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998) (internal citations omitted).

### B. Application of Fraudulent Joinder Standard

Wal-Mart argues that Eldridge was fraudulently joined because under Florida law a corporate employee can have no personal liability for the alleged negligence. "The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment. [] However, to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2005) (internal citations omitted). See also Navarro v. Borges, 388 So. 3d 1044, 1047 (Fla.

4

3d DCA 2024); <u>Cannon v. Fournier</u>, 57 So. 3d 875, 881–82 (Fla. 2d DCA 2011).

The Complaint made sufficient allegations to satisfy this standard as to Eldridge. The Complaint alleged that Eldridge was "in charge of the daily operations", "directly responsible" for maintaining the store, and "directly responsible for executing" policies. (Doc. #4 at ¶¶ 13-14, 17.) The specific duties enumerated in paragraphs 10 (as to Wal-Mart) and 19 of the Complaint are nearly identical. "Allegations that a manager was 'directly responsible for carrying out certain responsibilities; that he negligently failed to do so; and that, as a result, the plaintiff was injured,' are sufficient." <u>Valencia v. Wal-Mart Stores, Inc.</u>, No. 23-CV-20862, 2023 WL 3172532, at *2 (S.D. Fla. May 1, 2023) (quoting <u>White</u> at 358).

The Declaration of Joshua Eldridge (Doc. #12-1) does not establish fraudulent joinder. The Declaration states that Eldridge had no role in drafting or creating the policies and procedures on store safety, no personal knowledge of the incident, that he was not in the department where the incident occurred, and the daily tasks of inspecting and cleaning are not performed by the store manager. Even if the Declaration creates a factual dispute as to personal liability, it does not establish that there is *no possibility* that a state court could find the Complaint

5

states a cause of action or that plaintiff could establish a cause of action against Eldridge. Therefore, fraudulent joinder has not been established, Eldridge's Florida citizenship must be considered, and complete diversity jurisdiction was lacking at the time of removal to federal court. The case will be remanded to state court.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Remand to State Court (Doc. #11) is **GRANTED**.

2. The Complaint is remanded to the Lee County Circuit Court for all further proceedings. The Clerk shall terminate all deadlines and motions, including the Amended Renewed Motion to Dismiss (Doc. #12) and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __19th__ day of March 2025.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record